UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Zipher Ltd. and Videojet Technologies, Inc.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Markem Corporation,<br><br>    Defendant. | NH Civil Action No. 07-cv-85-PB<br>(formerly WI case No. 06-C-0745-S) |

**DEFENDANT MARKEM'S ANSWER TO PLAINTIFFS' FIRST AMENDED
COMPLAINT TRANSFERRED FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
(FORMERLY WI CASE NO. 06-C-0745-S)**

    NOW COMES Defendant Markem Corporation ("Markem"), by its attorneys Fish & Richardson P.C. and Hinckley, Allen & Snyder LLP, pursuant to Rules 8 and 12(a)(4)(A) of the Federal Rules of Civil Procedure, responding to Zipher Ltd. ("Zipher") and Videojet Technologies, Inc.'s ("Videojet") (collectively "Plaintiffs") First Amended Complaint for Patent Infringement, filed in the United States District Court for the Western District of Wisconsin and assigned Civil Action No. 06-C-0745-S (the "Wisconsin Suit").

    On March 16, 2007, District Court Judge John Shabaz granted in part Markem's Motion to Dismiss, or in the Alternative, Transfer, and transferred the Wisconsin Suit to the United States District Court for the District of New Hampshire. On March 28, 2007, this Court docketed and designated the transferred case as NH Civil Action No. 07-cv-85-PB (formerly WI case No. 06-C-0745-S). On March 29, 2007, the Court granted the parties' motion to extend the due date for Markem's Answer to April 11, 2007.

    Markem denies each and every allegation contained in the Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or

1

speculations that arguably follow from the admitted facts. Markem denies that Plaintiffs are entitled to the relief requested or any other.

1. Markem admits that Plaintiffs' Amended Complaint purports to state a claim for patent infringement, but denies that any bases exist for any such claims against Markem. Markem admits that this Court has subject matter jurisdiction over the action.

2. Markem admits that this judicial district is one in which venue is proper with respect to Markem. Markem denies the remaining allegations of paragraph 2.

3. Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore denies the allegations.

4. Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies the allegations.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9. Markem admits that United States Patent No. 7,150,572 (the "'572 patent") is entitled "Tape Drive and Printing Apparatus," and was issued by the United States Patent and Trademark Office on December 19, 2006. Markem denies that the '572 patent was duly and legally issued by the United States Patent and Trademark Office.

10. Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore denies these allegations.

11. Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore denies these allegations.

12. Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore denies these allegations.

**RESPONSE TO PLAINTIFFS' REQUEST FOR RELIEF**

13. Markem incorporates by reference the preceding paragraphs 1-12 as if fully set forth herein.

14. Denied.

15. Markem denies that it offered to sell or sold SmartDate®5 printers in the Western District of Wisconsin to DoBoy Packaging Machinery, Inc. in New Richmond, Wisconsin, from December 19, 2006 through March 16, 2007. With regard to the allegations that "DoBoy includes SmartDate®5 printers in packaging equipment that is made by DoBoy in Wisconsin and offered for sale and/or sold to DoBoy end use customers in this judicial district, as well as elsewhere in Wisconsin and the United States," Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of the these allegations, and therefore denies these allegations.

16. Markem denies that it offered to sell or sold SmartDate®5 printers in the Western District of Wisconsin to Matrix Packaging Machinery, Inc. in Saukville, Wisconsin, from December 19, 2006 through March 16, 2007. With respect to the allegations that "Matrix includes SmartDate®5 printers in packaging equipment that is made by Matrix in Wisconsin and offered for sale and/or sold to Matrix end use customers in this judicial district, as well as elsewhere in Wisconsin and the United States," Markem is without information or knowledge sufficient to form a belief as to the truth or falsity of these allegations, and therefore denies these allegations.

17. Denied.

18. Denied.

**RESPONSE TO PLAINTIFFS' PRAYER FOR JUDGMENT AND RELIEF**

19. Markem denies that Plaintiffs are entitled to any relief whatsoever in this action, either as prayed for in its Amended Complaint or otherwise.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

20.     Markem does not infringe and has not infringed any claims of the '572 patent, either directly, contributorily, or by inducement.

### Second Affirmative Defense

21.     The claims of the '572 patent are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, §§101, 102, 103, and 112.

### Third Affirmative Defense

22.     The '572 patent is unenforceable against Markem, including pursuant to the doctrine of shop rights.

Markem reserves the right to assert any additional defenses to Plaintiffs' claims as they become known or apparent.

## PRAYER FOR RELIEF

WHEREFORE, Markem respectfully requests that this Court enter judgment in Markem's favor against Zipher and Videojet, and issue an order:

A.      That Zipher and Videojet take nothing by their Amended Complaint;

B.      Entering judgment against Zipher and Videojet and in favor of Markem and dismissing Zipher and Videojet's Amended Complaint with prejudice;

C.      Awarding Markem's costs and attorneys' fees incurred in defending this action; and

D.      Awarding any other such relief as is just and proper.

## JURY DEMAND

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Markem hereby requests a trial by jury for all issues so triable.

Dated: April 11, 2007                               Respectfully submitted,


By: /s/ Daniel M. Deschenes
Christopher H.M. Carter, Esq. (Bar No. 12452)
Daniel M. Deschenes, Esq. (Bar No. 14889)
HINCKLEY, ALLEN & SNYDER, LLP
43 North Main Street
Concord, NH 03301
Telephone: (603) 225-4334
Facsimile: (603) 224-8350

*Of counsel*:
Kurt L. Glitzenstein
Peter J. Kirk (Bar No. 14909)
Michael S. Forman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02109
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Attorneys for Defendant
MARKEM CORPORATION


## CERTIFICATE OF SERVICE

I certify that on this date a true and accurate copy of the foregoing was served upon Larry S. Nixon and Daniel J. Bourque via CM/ECF.

/s/ Daniel M. Deschenes
Daniel M. Deschenes

637022v1